UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JON BRUNEAU et al.,

        Plaintiffs,                                Case No. 1:20-cv-11588

v.                                                    Honorable Thomas L. Ludington
                                                                     United States District Judge

COUNTY OF MIDLAND and
COUNTY OF GLADWIN,                     Honorable Patricia T. Morris
                                                                      United States Magistrate Judge

        Defendants.
_____/

**OPINION AND ORDER OVERRULING DEFENDANTS' OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendants have objected to the magistrate judge's report recommending a partial denial of their motion to exclude the testimony of one of Plaintiff's proposed expert witnesses from trial. A hearing is not necessary. E.D. Mich. LR 7.1(f)(2). As explained below, Defendants' objections will be overruled because the magistrate judge's report shows no clear error.

I.

This case concerns the collapse of Michigan's century-old Edenville Dam following heavy rain on May 19, 2020. Plaintiffs, property owners near the Dam in Midland, Beaverton, and Sanford, seek to recover damages they allege were caused by the Dam's failure. ECF No. 32. So they filed a complaint in June 2020 against Midland and Gladwin Counties for Inverse Condemnation under 42 U.S.C. § 1983, Gross Negligence under Michigan law, and a Takings violation under the Michigan Constitution. *Id.*

In September 2022, Defendants filed a motion to exclude opinion testimony from Plaintiff's expert witness, Tracy Lyman, arguing he is unqualified to opine on the ownership of the Dam during the flood and the cause of its failure. ECF No. 51.

On May 10, 2023, Magistrate Judge Patricia T. Morris held a hearing and issued a report[1] recommending that Defendants' Motion to Exclude, ECF No. 51, be granted in part such that Mr. Lyman may not testify as an expert witness "regarding the ownership/management/responsibility for the Edenville Dam"—leaving him permitted to testify as to the cause of the Dam's failure, *see* ECF No. 68 at PageID.3935. Defendants filed a motion for reconsideration of the report, ECF No. 72, which Judge Morris denied because Defendants were merely "rearguing their case" without adding anything new, ECF No. 79.

Now before this Court is Defendants' Objection to Judge Morris's report. ECF No. 73.[2] Although Judge Morris provided both parties 14 days to object, only Defendants did so. Therefore, Plaintiffs have forfeited their right to appeal Judge Morris's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

## II.

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F.Supp.3d 1014, 1017–18 (E.D. Mich. 2021).

---

[1] On April 18, 2023, this Court referred Defendants' Motion to Exclude to Magistrate Judge Patricia T. Morris for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). ECF No. 63. Although Judge Morris titled the document as an order, *id.*, district courts have "the authority to ignore the form of the decision and [to] treat it as a Report and Recommendation." *Florence v. Stanback*, 607 F. Supp. 2d 1119, 1122 (C.D. Cal. 2009) (collecting cases); *accord United States v. Rivera-Guerrero*, 377 F.3d 1064, 1071 (9th Cir. 2004) ("[T]he district court should treat the magistrate judge's 'order' as proposed findings and recommendations.").

[2] Because Defendants filed a Corrected Objection, ECF No. 73, their Objection, ECF No. 71, will be denied as moot.

The court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, No. 1:21-CV-12918, 2023 WL 1997068, at *1 (E.D. Mich. Feb. 14, 2023) (citations omitted); *see also Odell v. Kalitta Air, LLC*, No. 1:22-CV-12290, 2023 WL 4084490, at *1 (E.D. Mich. June 20, 2023) ("If the district court will affirm the magistrate judge's report, then it may simply identify the parts of the record that it reviewed and state that it found no clear error.") (collecting cases).

### III.

This Court has reviewed Plaintiffs' Amended Complaint, ECF No. 32, Defendants' Answer, ECF No. 33, Defendants' Motion to Exclude Expert Testimony, ECF No. 51, Plaintiffs' Response to Defendants' Motion to Exclude, ECF No. 52, Defendants' Reply to Plaintiff's Response to Defendants' Motion to Exclude, ECF No. 54, the Parties' Statement of Resolved and Unresolved Issues, ECF No. 67, Judge Morris's Report and Recommendation to Grant in Part Defendants' Motion to Exclude, ECF No. 68, Defendants' Motion for Reconsideration, ECF No. 72, Plaintiffs' Response to Defendants' Motion for Reconsideration, ECF No. 77, Judge Morris's Order Denying Defendants' Motion for Reconsideration, ECF No. 79, Defendants' Objection, ECF No. 71, Defendants' Corrected Objection, ECF No. 73, Plaintiffs' Response to Defendants' Corrected Objection, ECF No. 78, and all other applicable filings and law.

Having conducted this *de novo* review, this Court concludes that Judge Morris's factual conclusions are reasonably correct, that she applied to correct law, and that her legal reasoning is sound. That is, there is no clear error in the Magistrate Judge's recommendations (1) to exclude Tracy Lyman's opinion testimony as to the ownership/management/responsibility for the Edenville Dam or (2) to admit Tracy Lyman's opinion testimony as to the cause of the Dam's

- 4 -

failure. For these reasons, Plaintiffs' Objections will be overruled, and the Magistrate Judge's Report and Recommendation will be adopted.

### IV.

Accordingly, it is **ORDERED** that Defendants' Corrected Objections, ECF No. 73, are **OVERRULED**.

Further, it is **ORDERED** that Defendants' Objections, ECF No. 71, is **OVERRULED AS MOOT**.

Further, it is **ORDERED** that Magistrate Judge Morris's Report and Recommendation, ECF No. 68, is **ADOPTED**.

**This is not a final order and does not close the above-captioned case**.

Dated: June 29, 2023                                                         s/Thomas L. Ludington
                                                                                          THOMAS L. LUDINGTON
                                                                                          United States District Judge